**United States District Court**
**Northern District of Indiana**

| | |
|---|---|
| WILLIAM L. COLLINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.  3:07-CV-394 JVB |
| v. ) | |
| ) | |
| JUDGE THOMAS J. ALEVIZOS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

William L. Collins, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts

> are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. __, __, 127 S. Ct. 1955 (2007).

*Erickson v. Pardus*, 550 U.S. __, __; 127 S. Ct. 2197, 2200 (2007) (parallel citations omitted).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. ___, ___; 127 S. Ct. 1955, 1964-65 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, RULE 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3(quotation marks and citation omitted). Nevertheless,

> A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Cf.* FED. RULE CIV. PROC. 8(f) ("All pleadings shall be so construed as to do substantial justice").

*Erickson v. Pardus*, 550 U.S. __, __; 127 S. Ct. 2197, 2200 (2007) (quotation marks and citations omitted). However, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. at 1965, *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted).

Collins alleges that he was picked up as a robbery suspect by Police Officer Ronald Fargo who took him to Maxine's Restaurant for possible identification. He states that Judge Thomas Alevizos was the robbery victim and that he was at the restaurant with Police Officers Allen Schutz

2

and Christopher Froehlke. Collins alleges that once at the restaurant, Judge Thomas Alevizos lunged at him and poked him in the eye. He is attempting to sue Judge Thomas Alevizos for assault and the police officers for not protecting him. He is also attempting to sue them for not reporting the assault and for conspiring to cover it up.

To state a claim under § 1983, the defendant must be acting under color of state law. *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001). Based on the events described in this complaint, Collins has clearly alleged that the three police officers were acting under color of state law. At the time of these events, they were working in their role as police officers and their authority was conferred upon them by the State. Judge Thomas Alevizos is different. Though a judge, he was not acting as a judge. Though a state employee, he was not at that time acting with the authority of a state actor. Based on the facts alleged, his employment is irrelevant. At that time, he was merely a robbery victim waiting in a restaurant with the police. As such he was not acting under color of state law. Because Judge Thomas Alevizos was not acting under color of state law, Collins does not have a claim against him under § 1983. Therefore this claim and defendant Thomas Alevizos will be dismissed.

Collins alleges that the police officers did not protect him from the assault. Though Collins was not yet convicted at the time, this failure to protect claim can be analogized to such claims arising within a prison. "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citations and internal punctuation omitted). To establish liability for a failure to protect, a defendant must have "actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Duckworth v. Franzen*, 780 F.2d 645, 653 (7th

3

Cir. 1985). This total disregard for safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991).

Collins does not allege, and based on this complaint it would not be reasonable to infer, that the police officers had actual knowledge of an impending attack. Here, Collins alleges that he was taken to the restaurant where the witness lunged at him and poked him in the eye. Based on these facts, there is no basis for inferring that the police could have anticipated or prevented this attack. Though he suggests that he would have been safe if he had been kept in the police car, without actual knowledge of an impending harm, the police are not liable for not having taken precautions against every imaginable possible harm that could befall someone in their custody.

Collins alleges that the police officers conspired to cover up the assault. A conspiracy exists if there is "(1) an express or implied agreement among defendants to deprive plaintiff of his . . . constitutional rights and (2) actual deprivations of those rights in the form of overt acts in furtherance of the agreement." *Scherer v. Balkema*, 840 F.2d 437, 442 (7th Cir. 1988). Here, the object of the conspiracy was not the deprivation of a constitutional right. The police officers are not alleged to have conspired to have the witness attack Collins. Rather they are only alleged to have conspired to hide the circumstances of the assault. There is no independent constitutional protection or right to such knowledge. Because the object of the alleged conspiracy was not constitutional in magnitude, it is not actionable in a § 1983 lawsuit and must be dismissed. In addition, on the basis of this complaint, it is not reasonable to infer that he has suffered any injury as a result of this alleged conspiracy. *See Walker v. Peters*, 233 F.3d 494, 502 (7th Cir. 2000), and *Doe v. Welborn*, 110 F.3d 520, 523–24 (7th Cir. 1997). Therefore Police Officers Ronald Fargo, Allen Schutz, and Christopher Froehlke will be dismissed along with the claims against them.

Collins alleges that he was then taken to the jail where he ultimately saw Nurse Sherry Kozlowski who delayed treatment of his eye injury. Though the Eighth Amendment's proscription against cruel and unusual punishments applies only to persons convicted of crimes and though the rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. *Gutierrez v. Peters,* 111 F.3d at 1373. Collins alleges that he was eventually blinded by the failure to provide timely treatment for his eye injury. This is a serious medical need.

Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991).

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

*Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Even medical malpractice and incompetence do not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000). "Under the Eighth Amendment, [a prisoner] is not entitled to demand specific care. She is not entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir.1997). Giving Collins the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, he has stated a claim for a denial of medical treatment.

Collins also alleges that Captain Richard Brull delayed approving the eye surgery he needed. Usually non-medical officials are not liable for the denial of medical treatment once an inmate is under the care of medical experts.

> If a prisoner is under the care of medical experts a non-medical prison official will generally be justified in believing that the prisoner is in capable hands. This follows naturally from the division of labor within a prison. Inmate health and safety is promoted by dividing responsibility for various aspects of inmate life among guards, administrators, physicians, and so on. Holding a non-medical prison official liable in a case where a prisoner was under a physician's care would strain this division of labor.

*Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005) (ellipsis omitted) *citing Spruill v. Gillis*, 372 F.3d 218, 236 (3rd Cir. 2004). This allegation is different. Here Collins alleges that Captain Richard Brull had medical decision making authority to approve or deny him surgery. As such, giving him

6

the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, he has stated a claim for a denial of medical treatment.

Collins attempts to bring these claims against the defendants in both their individual and official capacities.

> To establish a claim in an official capacity suit, a plaintiff must show that the actions on which liability is predicated took place pursuant to a government policy or custom.

*Hadi v. Horn*, 830 F.2d 779, 782 (7th Cir. 1987). Here, Collins does not allege, and based on this complaint it is not reasonable to infer, that his denial of medical treatment was based on an official policy or custom. Rather, the reasonable inference to be drawn from this complaint is that these defendants were individual bad actors who were deliberately indifferent to his medical care. Therefore the official capacity claims will be dismissed.

For the foregoing reasons, the Court:

(1) **GRANTS** William L. Collins leave to proceed against Nurse Sherry Kozlowski and Captain Richard Brull in their individual capacities for monetary and punitive damages for the denial of medical treatment in violation of the Fourteenth Amendment;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** Judge Thomas J Alevizos, Ronald Fargo, Allen Schutz, and Christopher Froehlke;

(4) **DIRECTS** the clerk to transmit the summons and USM-285 for Nurse Sherry Kozlowski and Captain Richard Brull to the United States Marshals Service along with copies of this order and copies of the complaint;

(5) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Nurse Sherry Kozlowski and Captain Richard Brull; and

(6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Nurse Sherry Kozlowski and Captain Richard Brull respond, as provided for in the Federal Rules of Civil

Procedure and N.D. IND. L.R. 10.1, only to the claims for which the plaintiff been granted leave to proceed in this screening order.

**SO ORDERED** on May 8, 2008.

   S/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United State District Judge
Hammond Division